JUDGE GRIESA   UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 2261

| | |
|---|---|
| SI VENTURE HOLDINGS, LLC (also d/b/a SI VENTURES), | Civil Action No. _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| CATLIN SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |



Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, and Local Rule 81.1, the above-captioned action, commenced in the Supreme Court of the State of New York for New York County under Index No. 151844/2014, is hereby removed to the United States District Court for the Southern District of New York by the defendant, Catlin Specialty Insurance Company ("Catlin"). Catlin states the following grounds supporting removal to, and subject-matter jurisdiction in, this Court:

1.    On March 3, 2014, the plaintiff, SI Venture Holdings, LLC (also d/b/a SI Ventures) ("SI Ventures"), commenced a declaratory-judgment action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York for New York County.  By correspondence on the same day, SI Ventures's counsel advised Catlin that service of this complaint would be effectuated via the New York State Department of Finance.

2.    Pursuant to 28 U.S.C. Section 1446(a), a copy of the Summons and Verified Complaint, its accompanying exhibits, and the transmitting facsimile and

correspondence from the plaintiff's counsel are attached as **Exhibit 1**.  Catlin has not been
served with any other pleadings, process, or orders in this matter.

3.     As required by 28 U.S.C. Section 1446(b), Catlin has filed this Notice of
Removal within 30 days after receiving, through service or otherwise, a courtesy copy of the
initial pleading, dated March 3, 2014, setting forth the allegations for relief upon which the
action is based.

4.     Catlin expressly reserves all of its defenses, including but not limited to
defenses based on lack of service and improper service, lack of personal jurisdiction, and the
plaintiff's failure to state a claim.

**THIS COURT HAS SUBJECT-MATTER
JURISDICTION UNDER 28 U.S.C. SECTION 1332**

5.     This Court has subject-matter jurisdiction under 28 U.S.C. Section 1332(a)
because:  (1) upon information and belief, there is complete diversity of citizenship between the
parties under 28 U.S.C. Section 1332(a)(1); and (2) the amount in controversy exceeds the sum
of $75,000, exclusive of interest and costs.

*Diversity of Citizenship*

6.     Catlin is a corporation organized under the laws of the state of Delaware
and maintains its principal place of business at 3440 Peachtree Road, NE, Suite 2950, Atlanta,
Georgia, 30328.  Under 28 U.S.C Section 1332(c)(1), Catlin is a citizen of Delaware and
Georgia.  *See* Exhibit 1 [Complaint ¶ 2].

7.     As pleaded in the complaint, SI Ventures is a limited liability company
formed under the laws of Delaware, and has its principal place of business in New York County,

- 2 -

New York. *See* Exhibit 1 [Complaint ¶ 1]. As SI Ventures is a limited liability company, its domicile for purposes of establishing diversity of citizenship is determined by the citizenship of each of its members. *Bayerische Landesbank v. Alladin Capital Management LLC*, 692 F.3d 42, 49-51 (2d Cir. 2012).

        8.     Based upon its investigation to date, Catlin is unable at this time to confirm with certainty the citizenship of each member of SI Ventures. Pursuant to this Court's Local Rule 81.1, SI Ventures has 21 days to file a statement confirming the citizenship of each of its members.

**Amount in Controversy**

        9.     The plaintiff's complaint establishes that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

        10.    SI Ventures alleges that Catlin has wrongfully denied it indemnification under a Site Pollution Liability Insurance Policy (the "Catlin Policy") on the ground that SI Ventures failed to obtain Catlin's prior written consent, as required under the "Defense and Settlement" provisions of the Catlin Policy, to incur "significant clean-up costs" which the plaintiff "believe[s] to be in excess of two hundred sixty thousand ninety-nine dollars ($260.099.00)." *See* Exhibit 1 [Complaint ¶ 9, 29]. SI Ventures's complaint also seeks consequential damages from Catlin "believed to be in excess of one hundred thousand dollars ($100,000)." *Id.* [Complaint ¶ 29]. Accordingly, the monetary threshold of 28 U.S.C. Sections 1332 and 1441(b) is satisfied.

## PROCEDURAL MATTERS

11.     Catlin has submitted with this Notice of Removal a completed Civil Cover Sheet and a check in the amount of $400.00 for the required filing fee.

12.     A copy of the written notice required by 28 U.S.C. Section 1446(d), addressed to the plaintiff's counsel and to the Clerk for the Supreme Court, New York County, is attached as **Exhibit 2**.  It will be filed with that clerk and, along with this Notice of Removal, will be served on plaintiffs after the filing of this Notice of Removal.

**WHEREFORE**, Catlin removes this action, currently docketed in the Supreme Court of the State of New York, New York County under Index No. 151844/2014, to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court, together with such other and further relief as this Court deems just and proper.

Dated:     Buffalo, New York
           April 1, 2014

                              **HODGSON RUSS LLP**
                              *Attorneys for Catlin Specialty Ins. Co.*

                              By: _____
                                   Patrick M. Tomovic (PT 4030)
                              140 Pearl Street Suite 100
                              Buffalo, New York 14202-4040
                              Telephone:  (716) 856-4000
                              Facsimile:  (716) 819-4765
                              *ptomovic@hodgsonruss.com*

To:     Scott E. Agulnick, Esq.
        GREENBLATT & AGULNICK, P.C.
        55 Northern Boulevard, Suite 302
        Great Neck, New York 11021
        *sea@galawoffices.com*

- 4 -

# EXHIBIT 1

# FAX TRANSMISSION

**LAW OFFICES OF**
**GREENBLATT & AGULNICK**

55 Northern Blvd., Suite 302

Great Neck, NY 11021

(718) 352-4800

Fax: (718) 732-2110

Email: lauren@galawoffices.com

| | | | |
|---|---|---|---|
| **To:** | Catlin, Inc. | **Date:** | **March 3, 2014** |
| **Fax #:** | (212) 801-3401 | **Pages:** | **21, including this cover sheet.** |
| **From:** | Lauren Tannenbaum | | |
| **Subject:** | SI Ventures | | |
| | Policy #: STV-204955-1016 | | |
| | Claim #: SUS-EN-132520 | | |
| | Pollution Cleanup | | |

**COMMENTS:**

Attached hereto please find correspondence with regard to the above-referenced claim.

If you have any questions or concerns, please contact me at the above number.

**Thank You,**
**Lauren**

An attorney or his agent sends the information transmitted in this facsimile, and it is intended to be confidential and for use only for the individual named above. If the recipient is a client, this communication may also be for the purpose of rendering legal advice and thereby privileged. If the reader of this message is not the intended recipient you are hereby notified that any retention, dissemination, distribution or copy of this facsimile is strictly prohibited.

THE LAW OFFICES OF

# GREENBLATT & AGULNICK, P.C.

55 NORTHERN BLVD., SUITE 302
GREAT NECK, NEW YORK 11021

Email: SEA@GALAWOFFICES.COM

TEL: (718) 352-4800
FAX: (718) 732-2110

WWW.GALAWOFFICES.COM

SCOTT E. AGULNICK^
MATTHEW W. GREENBLATT*

STEVEN A. KOTCHER^
RICHARD A. LEYDIG, III+

OF COUNSEL
BARRY W. AGULNICK+
JOSHUA R. KAHN^
ALYSSA N. SEIDEN*

^ADMITTED IN NY
*ADMITTED NY & NJ
+ADMITTED NY & FL

March 3, 2014

**VIA FAX (212)801-3401 &**
**FIRST CLASS MAIL**
Catlin, Inc.
32 Old Slip, 36th Floor
New York, New York 10005

Att: Matthew J. Ford, Esq.

|           |                                                |
|-----------|------------------------------------------------|
| Re:       | **130 Old Bay Street Landing, Staten Island**  |
| Policy No.: | **STV-204955-1016**                          |
| Insurer:  | **Catlin Specialty Insurance Company**         |
| Claim No.: | **SUS-EN-132520**                             |
| Insured:  | **SI Ventures**                                |
| Claim:    | **Pollution Cleanup**                          |

Dear Mr. Ford:

    Please be advised that this office has been retained by SI Venture Holdings, LLC (d/b/a SI Ventures) with regard to the above referenced claim and the denial of January 24, 2014. Please take note that we have filed suit in Supreme Court New York County and have enclosed a courtesy copy of the Verified Complaint for your reference.   We anticipate service via the New York State Department of Finance to be completed in a timely manner, as is appropriate.  Please accept this letter as an attempt to reach an amicable resolution to this matter prior to the need for litigation. This communication is only to be used for that purpose.

    After much review and analysis of the policy language, we firmly believe that the operative provision which requires prior written consent from the insurance carrier before indemnification pollution cleanup can take place will not be enforceable as a matter of law on multiple grounds. This would in turn leave the carrier without any viable grounds remaining in their denial letter sufficient to uphold avoiding payment.  We believe the Complaint makes our position clear.

    Notwithstanding the foregoing and the filing of suit to protect our client's interests, we do recognize that such litigation will be lengthy and costly and considering

**GREENBLATT & AGULNICK, P.C.**
PAGE 2 OF 2

the nature of the questions involved, it will likely result in an appeal by one party or another. For this reason, we are reaching out to you to explore whether an amicable resolution can be reached prior to service so that the parties can avoid ongoing litigation. Please review the Complaint and contact me with an eye towards such a resolution.

Thank you for your attention to this matter.   We look forward to working with you.

Sincerely,

Scott E. Agulnick

SEA: lt
Encl.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------X.

SI VENTURE HOLDINGS, LLC ( also d/b/a SI
VENTURES),

                              Plaintiff(s),

                    -against-

CATLIN SPECIALTY INSURANCE COMPANY,

                              Defendant(s).

-------------------------------------------------X

Index No. 158442014

Date Filed: 3/3/2014

**SUMMONS**

Plaintiff(s) designate New
York County. The basis of
the venue designated is
residence of Plaintiff(s).

Plaintiff(s) address:
130 East 59th Street
New York, NY 10022

**TO THE ABOVE-NAMED DEFENDANT(S):**

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff(s)
attorney an answer to the Verified Complaint in this action within twenty days after the
service of this summons, exclusive of the day of service, or within thirty days after
service is complete if this summons is not personally delivered to you within the State of
New York. In case of your failure to answer, judgment will be taken against you by
default for the relief demanded in the Verified Complaint.

Dated:        Great Neck, New York
              March 3, 2014

                              Yours, etc.

                              **GREENBLATT & AGULNICK, P.C.,**

                              By: _____
                                  Scott E. Agulnick, Esq.
                              Attorney for Plaintiff(s)
                              **SI VENTURE HOLDINGS, LLC ( also
                              d/b/a SI VENTURES)**
                              55 Northern Boulevard, Suite 302
                              Great Neck, New York 11021
                              Tel:  (718) 352-4800
                              Fax: (718) 732-2110

Defendant's Address:
CATLIN SPECIALTY INSURANCE COMPANY
3440 Peachtree Road, NE, Suite 2950
Atlanta, GA 30328

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
SI VENTURE HOLDINGS, LLC ( also d/b/a SI
VENTURES),

                         Plaintiff(s),        Index No.

          -against-

                                     **VERIFIED COMPLAINT**

CATLIN SPECIALTY INSURANCE COMPANY,

                         Defendant(s).
------------------------------------------------------------------------X

       Plaintiff(s) **SI VENTURE HOLDINGS, LLC (also d/b/a SI VENTURES)**, by
its attorneys, **GREENBLATT & AGULNICK, P.C.**, for their Verified Complaint
against the Defendant, alleges as follows:

       1.      Plaintiff(s) SI VENTURE HOLDINGS, LLC ( also d/b/a SI VENTURES)
(hereinafter referred to as "SI VENTURE") is a foreign limited liability company formed
under the laws of the State of Delaware with a principle place of business located in the
County of New York and the City and State of New York.

       2.      That Defendant CATLIN SPECIALTY INSURANCE COMPANY
(hereinafter referred to as "CATLIN" or "Insurance Company") is a foreign business
corporation with its principle offices located at 3440 Peachtree Road, NE, Suite 2950,
Atlanta Georgia 30328.

## RELEVANT FACTS

## THE POLICY

3.     In consideration for premium fully paid, CATLIN SPECIALTY INSURANCE COMPANY issued a Site Pollution Liability Insurance Policy under policy number stv-204955-1016 (the "Policy")for the policy period between October 17, 2011 and October 17, 2016 (the "Policy Period"), which covered the excavation, removal, and disposal of contaminated soil, subject to any enforceable provisions in the policy therein, at the property located at 130 Bay Street Landing in Staten Island, New York.   A copy of the Declaration Sheet is annexed hereto and incorporated by reference herein as EXHIBIT A.

## THE POLLUTED SOIL AND REQUIRED EXCAVATION

4.     That during part of work at a construction site located at 130 Bay Street Landing in Staten Island, New York, while removing debris and rocks, Plaintiff uncovered large piles of dirt.

5.     That on or about February 1, 2013, as was required by law, Plaintiff arranged for testing of the dirt by its consultant PAL Environmental Services.

6.     On or about March 21, 2013, the test results were sent to Plaintiff(s) which indicated that levels of certain substances and toxins were in excess of the acceptable governmental limits, including but not limited to the New York Department of Environmental Conservation ("NYDEC").

7.     As a result of the levels of certain substances and toxins being in excess of the acceptable public limits, Plaintiff(s) were required by law to excavate and remove the contaminated soil and dispose of the contaminated soil as per governmental law, including but not limited to NYDEC requirements.

8.     That in compliance with governmental law, in or about April 2013, Plaintiff(s) undertook to excavate and remove the contaminated soil and dispose of the

contaminated soil as per governmental law, including but not limited to NYDEC requirements.

9.      That as a result of its compliance with governmental law with regard to the testing, excavation, and disposal of the contaminated soil, Plaintiff(s) incurred significant clean-up costs, believed to be in excess of two hundred sixty thousand ninety nine dollars ($260,099.00).

## THE CLAIM AND DENIAL

10.     That on or about December 5, 2013, Plaintiff(s) submitted the claim for reimbursement of the clean-up costs and testing to the Defendant herein.

11.     That on or about January 24, 2014, Defendant denied the subject claim, citing specific policy provisions, and without reservations of rights or intent to supplement (the "Denial Letter"). The Denial Letter is annexed hereto and incorporated by reference herein as EXHIBIT B.

12.     That the Defendant's denial must stand or fall based upon only those policy provisions and defenses actually asserted in the denial.

13.     That by virtue of that set forth in the Denial Letter, there is no dispute that the Plaintiff(s)' claim was made during the Policy Period.

14.     That by virtue of that set forth in the Denial Letter, the remaining grounds upon which Defendant relies is the purported requirement for the Defendant Insurance Company's prior written consent before an insured may proceed with complying with governmental laws regarding the clean-up of pollution conditions, as set forth in the Policy in Section II.  Defense and Settlement  B ("Section II.B).

15.    That Section II. B. further states, in sum and substance, that the Insurer shall not be liable for any expense, settlement, assumed obligation or admission to which it has not consented.

16.    That the provisions set forth in Section II. B. are void and unenforceable, in that they are unconscionable, against public policy, unenforceable as overly vague, contract of adhesion, and the provisions render the subject contract of insurance illusory.

17.    That illustrative of the foregoing deficiencies and unenforceability of Section II. B. is that it requires the Defendant to consent before an insured can take action that it is legally obligated to do under the law, in contravention of public policy.

18.    That illustrative of the foregoing deficiencies and unenforceability of Section II. B. is that the consent requirement, as it pertains to clean-up costs before Defendant will afford coverage, renders the Policy itself illusory and renders coverage optional by the Defendant.

19.    That illustrative of the foregoing deficiencies and unenforceability of Section II. B. is the overly vague and enforceable provision requiring the Defendant's "reasonable" consent before Defendant can be liable.

20.    That illustrative of the foregoing deficiencies and unenforceability of Section II. B. is that the consent requirement as it pertains to clean-up costs before Defendant will afford coverage renders Section II. B. unconscionable and essentially nullifying the bargain entered into by Plaintiff.

21.    That illustrative of the foregoing deficiencies and unenforceability of Section II. B. is that the prior consent provision is illegal, in that it would be unlawful to conspire or agree to avoid, delay, inhibit or otherwise interfere with one's mandatory compliance with the law as it pertains to the cleanup of pollution.

22.    That the Policy provides for the remainder of the Policy to remain in full force and effect, notwithstanding Section B.II being void, illegal, and unenforceable as a matter of law.

23.    That based upon the foregoing, there remains no viable ground contained in the Denial Letter sufficient to avoid payment of the subject claim.

24.    Notwithstanding there being no enforceable grounds to avoid coverage for the claim, Defendant has failed and refused to make payment of the claim under the Policy, amounting to its breach.

25.    That Defendant's reliance on provisions of the Policy which are adhesive, illegal, overly vague, contrary to public policy, and unenforceable to deny the subject claim amounts to a breach of Defendant's duty of good faith and fair dealing.

26.    That Plaintiff satisfied all conditions precedent to the instant lawsuit.

## AND AS FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

27.    Plaintiff(s) repeat and re-allege all allegations in the Verified Complaint as if more fully and completely set forth herein.

28.    That based upon the foregoing, Defendant has breached the Policy.

29.    As a result of CATLIN'S breach of its obligations under its Policy, Plaintiff(s) has suffered damages in an amount to be determined at trial but believed to be in excess of two hundred sixty thousand ninety nine dollars ($260,099.00), in addition to consequential damages believed to be in excess of one hundred thousand dollars ($100,000.00).

WHEREFORE, Plaintiff(s) SI VENTURES HOLDINGS, LLC demands judgment against Defendant CATLIN SPECIALTY INSURANCE COMPANY as follows:

    a.     Under the FIRST Cause of Action, damages in an amount to be determined at trial but believed to be in excess of two hundred sixty thousand ninety nine dollars ($260,099.00), in addition to consequential damages believed to be in excess of one hundred thousand dollars ($100,000.00)

    b.     Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

    c.     Plaintiff(s) demands a jury trial on all issues.

Dated:     Great Neck, New York
            March 3, 2014

Yours, etc.,

GREENBLATT & AGULNICK, P.C.

By: _____
      Scott E. Agulnick
Attorneys for Plaintiff(s)
SI VENTURE HOLDINGS, LLC (also
d/b/a SI VENTURES)
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
(718) 352- 4800

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing SUMMONS and COMPLAINT and, upon information and belief, believe the contents thereof to be true. The basis of my belief is a review of the file maintained in my office. The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated:     Great Neck, New York
          March 3, 2014

SCOTT E. AGULNICK, ESQ.

**EXHIBIT A**

# SITE POLLUTION LIABILITY
# INSURANCE POLICY
# DECLARATIONS



| Policy No.: STV-204955-1016 | Renewal of Policy No.: New |
|---|---|

**NOTICE:  THIS IS A CLAIMS MADE AND REPORTED POLICY AND SUBJECT TO ITS PROVISIONS APPLIES ONLY TO CLAIMS WHICH ARE BOTH FIRST MADE AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD, IF APPLICABLE. CLAIM EXPENSES ARE INCLUDED WITHIN THE LIMIT OF LIABILITY.**

**PLEASE READ THE ENTIRE POLICY CAREFULLY.**

| INSURER | UNDERWRITING OFFICE | PRODUCER |
|---|---|---|
| Catlin Specialty Insurance Company<br>160 Greentree Drive<br>Suite 101<br>Dover, DE  19904 | 3340 Peachtree Road N.E.<br>Tower Place 100<br>Suite 2950<br>Atlanta, GA 30326 | Aon Risk Services<br>199 Water Street<br>New York, NY 10038 |

Terms appearing in **bold** are defined in the Policy.

| | | |
|---|---|---|
| **Item 1. Named Insured:**<br>**Principal Address:** | SI Ventures<br>130 East 59th Street<br>New York, NY 10022 | |
| **Item 2. Policy Period:**<br>Effective Date:<br>Expiration Date: | October 17, 2011 at 12:01 a.m. (local time at the address stated in Item 1.)<br>October 17, 2016 at 12:01 a.m. (local time at the address stated in Item 1.) | |

**THE INSURER(S) NAMED HEREIN IS (ARE) NOT LICENSED BY THE STATE OF NEW YORK, NOT SUBJECT TO ITS SUPERVISION, AND IN THE EVENT OF THE INSOLVENCY OF THE INSURER(S), NOT PROTECTED BY THE NEW YORK STATE SECURITY FUNDS. THE POLICY MAY NOT BE SUBJECT TO ALL OF THE REGULATIONS OF THE INSURANCE DEPARTMENT PERTAINING TO POLICY FORMS.**

| Item 3. | Limits of Liability: | |
|---|---|---|
| | A.  each Claim | $2,500,000 |
| | B.  In the Aggregate | $5,000,000 |
| | | |
| | SUPPLEMENTAL COVERAGES | |
| | C.  Disciplinary Proceedings | $10,000 each Claim |
| | D.  Litigation Expense | $600 per day each Claim / $5,000 in the Aggregate |
| | E.  Subpoena Expenses | $10,000 each Claim |
| | F.  Corporate Reputation | $10,000 each Claim |

**Item 4.** Deductible Amount: $50,000 each Claim and Protective Third Party Claim

**Item 5a.**          **Retroactive Dates:**
Coverage A-First Party Clean-Up Costs: 2/01/2012
Coverage B-Pollution Legal Liability: 2/01/2012
Coverage C-Transportation Pollution Liability: 2/01/2012
Coverage D-Non-Owned Disposal Site Pollution Liability:  2/01/2012
Coverage E-Protective Contractor's Pollution Liability: 2/01/2012
Coverage F-Protective Errors and Omissions: Deleted by Endorsement
Coverage G-Protective Third Party Claim Defense and Obligation: Deleted by Endorsement

**Item 5b.**          **Reverse Retroactive Dates:**
Coverage A-First Party Clean-Up Costs: Not Applicable
Coverage B-Pollution Legal Liability: Not Applicable
Coverage C-Transportation Pollution Liability: Not Applicable
Coverage D-Non-Owned Disposal Site Pollution Liability:  Not Applicable
Coverage E-Protective Contractor's Pollution Liability: Not Applicable
Coverage F-Protective Errors and Omissions: Deleted by Endorsement
Coverage G-Protective Third Party Claim Defense and Obligation: Deleted by Endorsement

**Item 6.** Insured Property(s):
        130 Bay Street, Staten Island, NY 10301
        155 Bay Street, Staten Island, NY 10301

**Item 7.** Specified Project: N/A

**Item 8.** Premium: $37,012

**Item 9.** Minimum Insurance Requirements: N/A

**Item 10.** Endorsements Applicable to Coverage at Inception of Policy:

        See Schedule of Forms and Endorsements ABAP 302 1007

**THESE DECLARATIONS, TOGETHER WITH THE COMPLETED AND SIGNED APPLICATION FOR THIS POLICY, ALL MATERIALS SUBMITTED THEREWITH OR MADE A PART THEREOF AND THE POLICY FORM ATTACHED HERETO, CONSTITUTE THE POLICY.**

This Policy shall not be valid unless also signed by another duly authorized representative of the Insurer.

| Countersigned: | |
|---|---|
| | By: |
| Date: | Authorized Representative: Edward L. Sheiffele Jr. |

03/03/2014  04:21    17187669195        GREENBLATT AGULNICK        PAGE  16/21

**EXHIBIT B**



**Catlin, Inc.**
32 Old Slip, 36th Floor
New York, NY 10005
Tel: (212) 801-3400
Fax: (212) 801-3401

January 24, 2014

Mr. Timothy Yantz
SI Ventures
130 East 59th Street
New York, NY 10022

Re:  130 Bay Street Landing, Staten Island
     Policy No.:   STV-204955-1016
     Insurer:      Catlin Specialty Insurance Company
     Claim No.:    SUS-EN-132520
     Insured:      SI Ventures

Dear Mr. Yantz:

This letter will serve to supplement our initial acknowledgement letter of December 9, 2013 and my December 30, 2014 and January 14, 2014 e-mails to Aaron Malitzky of your office advising that coverage is not provided for costs incurred without our approval and to further advise that there is no coverage for the above-referenced claim under the Site Pollution Liability Insurance Policy No. STV-204955-1016 ("Policy"), issued by Catlin Specialty Insurance Company, Inc. ("Catlin") to SI Ventures. As such, this letter shall also serve as our formal declination of coverage under the Policy, as discussed below.

The Policy:

As you are probably aware, Policy Number STV-204955-1016, which was issued by Catlin to SI Ventures, has effective dates of October 17, 2011 to October 17, 2016. SI Ventures is the named insured on the Policy. The Policy is a claims made and reported policy, meaning that it generally applies, subject to certain policy conditions and exclusions, to claims that are both first made by or against the insured and reported to Catlin during the policy period or the extended reporting period.

Specifically, and in pertinent part, the Policy provides:

In consideration of the payment of the premium, and in reliance upon the statements made in the application, materials and information provided by the Insured, which are incorporated into this Policy and form a part hereof, the Insurer identified in the Declarations, herein called the "Insurer," agrees as follows:

I.     INSURING AGREEMENT

A.     COVERAGE A – FIRST PARTY CLEAN-UP COSTS

The Insurer shall pay on behalf of the Insured for Clean-Up Costs and related Claim Expense in excess of the Deductible stated in the Declarations because of a Pollution Condition discovered by the Insured during the Policy Period, on, at, under or migrating from the Insured Property, but only if the Insured notifies the Insurer of the Pollution Condition, in writing, during the Policy Period  or any applicable Extended Reporting Period.

**B.   COVERAGE B - POLLUTION LEGAL LIABILITY**

The Insurer shall pay on behalf of the Insured for a Pollution Loss and related Claim Expense in excess of the Deductible stated in the Declarations because of a Pollution Condition on, at, under or migrating from the Insured Property, which the Insured becomes legally obligated to pay as a result of a Claim first made against the Insured during the Policy Period, but only if the Insured reports the Claim to the Insurer, in writing, during the Policy Period or any applicable  Extended Reporting Period.

**C.   COVERAGE C – TRANSPORTATION POLLUTION LIABILITY**

The Insurer shall pay on behalf of Insured for a Pollution Loss and related Claim Expense in excess of the Deductible stated in the Declarations from Pollution Conditions that arise during the course of Transportation which the Insured has or will become legally obligated to pay as a result of a Claim first made against the Insured and reported to the Insurer, in writing, during the Policy Period or any applicable Extended Reporting Period.

**D.   COVERAGE D - NON-OWNED SITE POLLUTION LIABILITY**

The Insurer shall pay on behalf of the Insured for a Pollution Loss and related Claim Expense in excess of the Deductible because of a Pollution Condition on, at, under or migrating from a Non-Owned Site, which the Insured becomes legally obligated to pay as a result of a Claim first made against the Insured during the Policy Period, but only if the Insured reports the Claim to the Insurer, in writing, during the Policy Period or any applicable  Extended Reporting Period..

**II.   DEFENSE AND SETTLEMENT**

> **B. The Insured** shall not assume or admit liability, make any payment, consent to any judgment, settle any Claim or Protective Third Party Claim or incur any Clean-Up Cost, Claim Expense or Protective Third Party Claims Expense without the prior written consent of the Insurer, which consent shall not be unreasonably withheld. The Insurer shall not be liable for any expense, settlement, assumed obligation or admission to which it has not consented

**Background:**

We are advised that, as part of the work at a construction site located at 130 Bay Street Landing in Staten Island, New York, while removing debris and rocks, SI Ventures uncovered large piles of dirt. Based on this discovery, SI Ventures was required to test the dirt and did so on February 1, 2013 through its consultant, PAL Environmental Services. The results were sent to SI Ventures on March 21, 2013 and showed readings in excess of the acceptable limits as set by the NYDEC guidelines. We understand that SI Ventures was then required to dispose of the dirt at a facility in New Jersey approved for that particular waste stream under the NYSDEC guidelines. It appears that the disposal

2

took place in or around April 2013. All costs were therefore incurred at that time. This matter was not submitted as a claim to Catlin until December 5, 2013.

<u>Coverage Position:</u>

*Disclaimer of Coverage*

Testing was performed on February 1, 2013, and the disposal appears to have been completed in or around April 2013. SI Ventures incurred clean-up costs without prior written consent from Catlin. Accordingly, pursuant to the requirements set forth in Section II.B. of the Policy, coverage is not afforded for such costs.

If you disagree with this coverage assessment, should you have any questions or concerns, or should you wish to discuss this letter or the position taken herein, please do not hesitate to call me at the number listed below.

Sincerely,


Matthew J Ford, Esq.
Senior Claims Examiner, Professional Construction Claims

3340 Peachtree Road, N.E., Suite 2960
Atlanta, GA 30326


cc:    Aon

Index No:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

SI VENTURE HOLDINGS, LLC ( also d/b/a SI VENTURES),

Plaintiff(s),

-against-

CATLIN SPECIALTY INSURANCE COMPANY,

Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

### GREENBLATT & AGULNICK, P.C.
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Tel:   (718) 352- 4800
Fax:   (718) 732- 2110

## "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:

Attorney(s) for DEFENDANT(S)

#### Certification pursuant to 22 NYCRR 130-1.1(a)

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

| 3/3/14 | |
|---|---|
| Dated | SCOTT E. AGULNICK, ESQ. |

Service of a copy of the within                                    is hereby admitted

Attorney(s) for

03/03/2014  04:21    17187669195              GREENBLATT  AGULNICK              PAGE  21/21



# NYSCEF - New York County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has
received your electronically filed document(s) for:

**SI VENTURE HOLDINGS,LLC - v. - CATLIN SPECIALTY INSURANCE COMPANY**

**Index Number NOT assigned**

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|-------|--------------|----------|---------------|
| 1 | SUMMONS + COMPLAINT | | 03/03/2014 10:51 AM |
| 2 | EXHIBIT(S) A | | 03/03/2014 10:51 AM |
| 3 | EXHIBIT(S) B | | 03/03/2014 10:51 AM |

## Filing User

| | | | |
|---|---|---|---|
| Name: | **SCOTT E AGULNICK** | | |
| Phone | **718-352-4800** | E-mail Address: | **sea@galawoffices.com** |
| Fax #: | | Work Address: | **56 Northern Boulevard** |
| | | | **Suite 302** |
| | | | **Great Neck, NY 11021** |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on
03/03/2014 10:51 AM:

**AGULNICK, SCOTT E - sea@galawoffices.com**

NOTE: If submitting a working copy of this filing to the court, you must include
as a notification page firmly affixed thereto a copy of this Confirmation Notice.

E-mail: EFile@nycourts.gov      Phone: (646) 386-3033      Fax: (212) 401-9146      website: www.nycourts.gov/efile

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SI VENTURE HOLDINGS, LLC (also d/b/a
SI VENTURES),

Index No. 151844/2014

Plaintiff,

v.

**NOTICE TO STATE COURT
OF REMOVAL TO FEDERAL
COURT**

CATLIN SPECIALTY INSURANCE COMPANY,

Defendant.

TO THE CLERK OF THE COURT:

The defendant, Catlin Specialty Insurance Company, has removed this action to the United

States District Court for the Sothern District of New York pursuant to a Notice of Removal dated

and filed on April 1, 2014.  The Notice is attached as Exhibit 1.  As required by 28 U.S.C.

Section 1446(d), "the State court shall proceed no further unless and until the case is remanded."

Dated:      Buffalo, New York
            April 1, 2014

                                        **HODGSON RUSS LLP**
                                        *Attorneys for Catlin Specialty Ins. Co.*

                                        By: _____
                                            Patrick M. Tomovic
                                        140 Pearl Street Suite 100
                                        Buffalo, New York 14202-4040
                                        Telephone:  (716) 856-4000
                                        Facsimile:  (716) 819-4765
                                        *ptomovic@hodgsonruss.com*

To:    Scott E. Agulnick, Esq.
       GREENBLATT & AGULNICK, P.C.
       *Attorneys for the Plaintiff*
       55 Northern Boulevard, Suite 302
       Great Neck, New York 11021
       *sea@galawoffices.com*

**James M. Bauer**
Direct Dial: 716.848.1473
Direct Facsimile: 716.819.4656
*JBauer@hodgsonruss.com*

**Hodgson Russ** LLP
ATTORNEYS

April 1, 2014

**E-Mail & First-Class Mail**

Scott E. Agulnick, Esq.
GREENBLATT & AGULNICK, P.C.
55 Northern Blvd., Suite 302
Great Neck, New York 11021

       Re:    *SI Venture Holdings, LLC v. Catlin Specialty Insurance Company*,
               Index No. 151844/2014
               New York State Supreme Court, New York County

Dear Mr. Agulnick:

       I am writing to inform you that Catlin Specialty Insurance Company has removed this action to the U.S. District Court for the Southern District of New York.  I have enclosed copies of Catlin's Notice of Removal, and its Notice to State Court of Removal to Federal Court. This writing satisfies our obligation to notify you of the removal under 28 U.S.C. Section 1446(d).

               Very truly yours,

               James M. Bauer

JMB/bmo
Enclosures

*The Guaranty Building* ♦ *140 Pearl Street* ♦ *Suite 100* ♦ *Buffalo, New York 14202-4040* ♦ *telephone 716.856.4000* ♦ *facsimile 716.849.0349*

*Albany* ♦ *Buffalo* ♦ *New York* ♦ *Palm Beach* ♦ *Saratoga Springs* ♦ *Toronto* ♦ *www.hodgsonruss.com*

000161.00454 Litigation 12002849v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SI VENTURE HOLDINGS, LLC (also d/b/a
SI VENTURES),

Index No. 151844/2014

Plaintiff,

v.

**NOTICE TO STATE COURT
OF REMOVAL TO FEDERAL
COURT**

CATLIN SPECIALTY INSURANCE COMPANY,

Defendant.

TO THE CLERK OF THE COURT:

The defendant, Catlin Specialty Insurance Company, has removed this action to the United

States District Court for the Sothern District of New York pursuant to a Notice of Removal dated

and filed on April 1, 2014.  The Notice is attached as Exhibit 1.  As required by 28 U.S.C.

Section 1446(d), "the State court shall proceed no further unless and until the case is remanded."

Dated:        Buffalo, New York
              April 1, 2014

                              **HODGSON RUSS LLP**
                              *Attorneys for Catlin Specialty Ins. Co.*

                              By:  Patrick M. Tomovic
                              140 Pearl Street Suite 100
                              Buffalo, New York 14202-4040
                              Telephone:  (716) 856-4000
                              Facsimile:  (716) 819-4765
                              *ptomovic@hodgsonruss.com*

To:   Scott E. Agulnick, Esq.
      GREENBLATT & AGULNICK, P.C.
      *Attorneys for the Plaintiff*
      55 Northern Boulevard, Suite 302
      Great Neck, New York 11021
      *sea@galawoffices.com*

000161.01375 Administrative 8908544v1

James M. Bauer
Direct Dial: 716.848.1473
Direct Facsimile: 716.819.4656
*JBauer@hodgsonruss.com*



April 1, 2014

**E-Mail & First-Class Mail**

Scott E. Agulnick, Esq.
GREENBLATT & AGULNICK, P.C.
55 Northern Blvd., Suite 302
Great Neck, New York 11021

      Re:   *SI Venture Holdings, LLC v. Catlin Specialty Insurance Company*,
            Index No. 151844/2014
            New York State Supreme Court, New York County

Dear Mr. Agulnick:

        I am writing to inform you that Catlin Specialty Insurance Company has removed this action to the U.S. District Court for the Southern District of New York. I have enclosed copies of Catlin's Notice of Removal, and its Notice to State Court of Removal to Federal Court. This writing satisfies our obligation to notify you of the removal under 28 U.S.C. Section 1446(d).

                Very truly yours,

                James M. Bauer

JMB/bmo
Enclosures

*The Guaranty Building   ◆   140 Pearl Street   ◆   Suite 100   ◆   Buffalo, New York 14202-4040   ◆   telephone 716.856.4000   ◆   facsimile 716.849.0349*

*Albany   ◆   Buffalo   ◆   New York   ◆   Palm Beach   ◆   Saratoga Springs   ◆   Toronto   ◆   www.hodgsonruss.com*

000161.00454 Litigation 12002849v1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



JUDGE GRIESA

SI VENTURE HOLDINGS, LLC (also d/b/a
SI VENTURES),

14 CV 2261   Civil Action No.

                    Plaintiff,                          AFFIDAVIT OF SERVICE

        v.

CATLIN SPECIALTY INSURANCE COMPANY,

                    Defendant.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           : ss.
COUNTY OF NEW YORK         )

                Amy K. Hawk, duly sworn, deposes and says:

        1.       I am an **employee** with Hodgson Russ LLP.

        2.       I am over the age of 18.

        3.       On April 1, 2014 I caused to be served, by first-class mail postage prepaid
                 and email, the Notice of Removal and Civil Cover Sheet, on:

                        Scott E. Agulnick, Esq
                        GREENBLATT & AGULNICK, P.C.
                        55 Northern Boulevard, Suite 302
                        Great Neck, New York 11021
                        sea@galawoffices.com

                                                        Amy K. Hawk

Sworn to before me this
1st day of April, 2014.

        Notary Public

NEREIDA AQUINO
Notary Public, State of New York
No. 01AQ6278941
Qualified in New York County

000160/01151 Litigation 7760704v1