UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

SI VENTURE HOLDINGS, LLC
(also d/b/a SI VENTURES),

                                              Plaintiff,

    -against-                                              Civil No. 1:14-cv-02261 (TPG) (HBP)

CATLIN SPECIALTY INSURANCE COMPANY,

                                              Defendant.
───────────────────────────────────────────────

# CATLIN'S RESPONSE TO SI VENTURES'
# LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1(b), Catlin Specialty Insurance Company responds to SI Ventures' Statement of Material Facts submitted in support of its motion for summary judgment, as follows:

      1.      Plaintiff SI VENTURE HOLDINGS, LLC (also d/b/a SI VENTURES) (hereinafter "Plaintiff") is the owner of the property located at 130 Bay Street Landing in Staten Island, New York (hereinafter the "Subject Property"). An affidavit from Timothy Yantz, the Vice President of SI VENTURE HOLDINGS, LLC (also d/b/a SI VENTURES) is annexed to Plaintiff's Affirmation in Support as EXHIBIT A and incorporated by reference herein.

      **Response:**    Admitted. Declaration of Patrick M. Tomovic ("Tomovic Dec.") Ex. A at ¶¶ 3-4.

      2.      In consideration for premium fully paid, CATLIN SPECIALTY INSURANCE COMPANY (hereinafter "Defendant") issued a Site Pollution Liability Insurance Policy under policy number stv-204955-1016 (hereinafter the "Policy") for the policy period between October 17, 2011 and October 17, 2016 (hereinafter the "Policy Period"), which covered the excavation, removal, and disposal of contaminated soil, subject to any enforceable provisions in the policy therein, at the Subject Property. A copy of the Catlin Site Pollution Liability Insurance Policy is annexed to Plaintiff's Affirmation in Support as EXHIBIT B and incorporated by reference herein.

**Response:** Admits that the Catlin Policy's premium was paid. Admits that Catlin issued Site Pollution Liability Insurance Policy number STV-204955-1016 to SI Ventures for the policy period from October 17, 2011 to October 17, 2016. Declaration of Matthew J. Ford ("Ford Dec.") ¶ 4, Ex. A. Denies SI Ventures' characterization of the Catlin Policy's coverage; the Catlin Policy speaks for itself, and its coverage grant is strictly subject to all of the terms and conditions in the Catlin Policy, including the clear and unambiguous consent provision at issue in this declaratory-judgment action.

3. While removing debris and rocks as part of ongoing construction and renovation at the Subject Property, Plaintiff uncovered large piles of petroleum contaminated soil. See EXHIBIT A of Plaintiff's Affirmation in Support.

**Response:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. On or about February 1, 2013, as was required by law, Plaintiff arranged for testing of the dirt by its consultant PAL Environmental Services. The soil was confirmed to be hazardous and exceeding the limits as set by the New York State Department of Environmental Conservation by American Analytical Laboratories, LLC on or about March 20, 2013. A copy of PAL Environmental Services' letter dated March 21, 2013 is annexed to Plaintiff's Affirmation in Support as EXHIBIT C and incorporated by reference herein. A copy of the American Analytical Laboratories, LLC report dated March 20, 2013 is annexed to Plaintiff's Affirmation in Support as EXHIBIT D and incorporated by reference herein.

**Response:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5. Pursuant to the New York State Department of Environmental Conservation guidelines, Plaintiff was required to transport the contaminated soil to a facility approved for disposal of such contaminated materials in Carteret, New Jersey. Between April 2013 and June 2013, Plaintiff excavated, removed, and transported approximately two thousand four hundred ninety one (2,491) tons of contaminated soil, and approximately nine hundred (900) yards of concrete from the Subject Property. Copies of the Clean Earth of Carteret transportation manifests are annexed to Plaintiff's Affirmation in Support as EXHIBIT E and incorporated by reference herein.

**Response:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6. As a result of its compliance with governmental law with regard to the testing, excavation, and disposal of the contaminated soil, Plaintiff incurred significant clean-up costs, believed to be in excess of two hundred sixty thousand ninety nine dollars ($260,099.00). Copies of the PAL Environmental Services' invoices dated May 28, 2013 and June 11, 2013 are annexed to Plaintiff's Affirmation in Support as EXHIBIT F and incorporated by reference herein.

**Response:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. On December 5, 2013, and within the Policy Period, Plaintiff submitted a claim to Defendant for the reimbursement of the clean-up costs and testing pursuant to the Policy. By letter dated January 24, 2014, Defendant denied the above-referenced covered loss pursuant to Section II.B. of the Policy, taking the position that "coverage is not provided for costs incurred without our approval" and "SI Ventures incurred clean-up costs without prior written consent from Catlin. Accordingly, pursuant to the requirements set forth in Section II.B. of the Policy, coverage is not afforded for such costs." Section II.B. of the Policy states:

> II. *DEFENSE AND SETTLEMENT*
>
> B. *The Insured shall not assume or admit liability, make any payment, consent to any judgment, settle any Claim or Protective Third Party Claim or incur any Clean-Up Cost, Claim Expense or Protective Third Party Claims Expense without the proper written consent of the Insurer, which consent shall not be unreasonably withheld. The Insurer shall not be liable for any expense, settlement, assumed obligation or admission to which it has not consented.* A copy of Catlin's Denial Letter dated January 24, 2014 is annexed to Plaintiff's Affirmation in Support as EXHIBIT G and incorporated by reference herein.

**Response:** Admits that the claim at issue in this suit, in which SI Ventures requested indemnification for clean-up costs it had incurred without Catlin's prior written consent, was first submitted to Catlin on December 5, 2013. Ford Dec. ¶ 7, Ex. B. Admits that Catlin formally communicated its coverage position for SI Ventures' claim by letter dated

3

January 24, 2014, which speaks for itself. *Id.* ¶ 9, Ex. D. Catlin further states that it first communicated with SI Ventures about the consent provision in Section II.B. of the Catlin Policy, and this claim, in e-mail communications dated between December 6, 2013 and January 23, 2014. *Id.* ¶ 8, Ex. C. Denies that the quoted policy language accurately reflects the text of Section II. B. of the Catlin Policy and Catlin's January 24, 2014 letter to SI Ventures. *See* Ford Dec. ¶ 5, Ex. A § II. B. The correct language of Section II. B. of the Catlin Policy is as follows:

> II. DEFENSE AND SETTLEMENT
>
> B. The **Insured** shall not assume or admit liability, make any payment, consent to any judgment, settle any **Claim** or **Protective Third Party Claim** or incur any **Clean-Up Cost**, **Claim Expense** or **Protective Third Party Claims Expense** without the prior written consent of the **Insurer**, which consent shall not be unreasonably withheld. The **Insurer** shall not be liable for any expense, settlement, assumed obligation or admission to which it has not consented.

8. On or about March 3, 2014, this action was commenced in the Supreme Court of the State of New York, County of New York. A copy of the Summons and Verified Complaint is annexed to Plaintiff's Affirmation in Support as EXHIBIT H and incorporated by reference herein. On or about April 1, 2014, Defendant filed and served a Notice to State Court of Removal to Federal court. A copy of the Notice to State Court of Removal to Federal Court is annexed to Plaintiff's Affirmation in Support as EXHIBIT I and incorporated by reference herein. A copy of Defendant's Answer with Affirmative Defenses dated April 17, 2014 is annexed to Plaintiff's Affirmation in Support as EXHIBIT J and incorporated by reference herein.

**Response:** Admitted. Tomovic Dec. ¶¶ 11-13 and accompanying Exs. A-D.

Dated: November 17, 2014

                **HODGSON RUSS LLP**
*Attorneys for Catlin Specialty Insurance Co.*


By: s/ Patrick M. Tomovic
      Patrick M. Tomovic (PT4030)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
(716) 856-4000
*ptomovic@hodgsonruss.com*

057533.00093 Litigation 12194011v3